UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WM. MICHAEL BOES,<br><br>                       Plaintiff,<br><br>     v.<br><br>WASHOE COUNTY, et al.,<br><br>                      Defendants. | Case No.  3:20-cv-00126-MMD-WGC<br><br>ORDER |

**I.	DISCUSSION**

On February 24, 2021, the Court issued a screening order dismissing his Fourteenth Amendment claim without prejudice and with leave to amend and permitting the Americans with Disabilities Act claim to proceed. (ECF No. 3 at 13). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his Fourteenth Amendment claim. (*Id.*) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed only on the Americans with Disabilities Act claim. (*Id.*) Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action shall proceed on the Americans with Disabilities Act claim.

**II.	CONCLUSION**

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order (ECF No. 3), this action will proceed on the Americans with Disabilities Act claim.

It is further ordered that the Clerk of Court **will issue** a summons for Defendant Washoe County, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 4) and this order to the U.S. Marshal for service on Defendant.

It is further ordered that the Clerk **will send** to Plaintiff **one** USM-285 form.  Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to the Defendant on the form.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant was served and which was not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: April 5, 2021.

_William G. Cobb_
United States Magistrate Judge